**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6934**

_____

WESLEY BRIAN EARNEST,

        Petitioner - Appellant,

    v.

KEITH W. DAVIS, Warden; CHADWICK DOTSON,

        Respondents - Appellees.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth K. Dillon, Chief District Judge.  (7:18-cv-00595-EKD-JCH)

_____

Submitted:  January 28, 2025                    Decided:  March 20, 2025

_____

Before NIEMEYER and KING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

Wesley Brian Earnest, Appellant Pro Se.  Katherine Quinlan Adelfio, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wesley Brian Earnest seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b)(1), (6), and (d)(1) motions for relief from the district court's prior order dismissing as untimely his 28 U.S.C. § 2254 petition. We affirm in part, deny a certificate of appealability, and dismiss in part.

Earnest's motions are mixed Rule 60(b) motions/successive § 2254 petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (explaining distinction between true Rule 60(b) motion and Rule 60(b) motion that is actually successive habeas petition); *Richardson v. Thomas*, 930 F.3d 587, 595-96 (4th Cir. 2019) (same). When a § 2254 petitioner files a mixed Rule 60(b) motion and successive § 2254 petition, the district court should afford the petitioner an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive petition. *United States v. McRae*, 793 F.3d 392, 394, 400 (4th Cir. 2015); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003); *abrogated in part on other grounds by McRae*, 792 F.3d 392. Although the district court did not afford Earnest that opportunity, we need not remand this case because the district court applied the Rule 60(b)(1), (6) standards to Earnest's claims and concluded that Earnest was not entitled to relief under those standards.

As to the district court's denial of the Rule 60(b)(1) motion and the court's refusal to consider a new affidavit in support of the Rule 60(b)(6) motion,[1] we are satisfied that

---

[1] Earnest has forfeited appellate review of the district court's conclusion that his claims under Rule 60(b)(6) could not proceed because they fell within the ambit of Rule 60(b)(1). *See* 4th Cir. R. 34(b); *Jackson v. Lightsey,* 775 F.3d 170, 177 (4th Cir. 2014).

2

the district court did not abuse its discretion in ruling that those filings were untimely.[2] *See* Fed. R. Civ. P. 60(c)(1) (requiring motion under Rule 60(b)(1) to be made "no more than a year after the entry of the . . . order" and Rule 60(b)(6) to "be made within a reasonable time"); *Moses v. Joyner*, 815 F.3d 163, 167 (4th Cir. 2016) (stating standard of review and holding that district court did not abuse its discretion in finding untimely Rule 60(b)(6) "motion filed two-and-a-half years after the [movant] knew or should have known the basis for his [Rule] 60(b) claim"); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 895 (4th Cir. 1987) (reviewing for abuse of discretion district court's denial of a Rule 60(b)(1) motion). We therefore affirm this portion of the appeal.

As to the district court's denial of the Rule 60(d) motion, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). *See generally United States v. McRae*, 793 F.3d 392, 400 & n.7 (4th Cir. 2015). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of

---

[2] Earnest does not require a certificate of appealability to appeal the district court's timeliness determinations. *United States v. Williams*, 56 F.4th 366, 370 n.3 (4th Cir. 2023).

3

a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Earnest has not made the requisite showing. Accordingly, we deny Earnest's motion to amend the record. We deny a certificate of appealability and dismiss this portion of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4